UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TONYA A. BOZER**

        **Plaintiff,**                Civil Action No. 16-cv-13331

        v.                            District Judge Linda V. Parker

**COMMISSIONER OF**            Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Tonya A. Bozer seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to supplemental security income benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion to Remand (docket no. 16) and Defendant's Motion for Summary Judgment (docket no. 19). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand (docket no. 16) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 19) be **GRANTED**.

## II. PROCEDURAL HISTORY

On June 19, 2013, Plaintiff applied for supplemental security income, alleging that she has been disabled since April 18, 2001 due to seizures, migraines, high blood pressure, neck and back problems, depression, a hernia and acid reflux. (TR 174.) The Social Security Administration initially denied Plaintiff's claims on October 14, 2013. On December 23, 2014, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Kendra S. Kleber. (TR 112.) On March 31, 2015, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 109-22.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on July 13, 2016. (TR 1-8.) On September 14, 2016, Plaintiff commenced this action for judicial review, and the parties filed dispositive motions, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief summary of her medical issues and hearing testimony. (Docket no. 16, pp. 1-6.) In addition, the ALJ summarized Plaintiff's medical record (TR 115-21), and Defendant deferred to the ALJ's summary (docket no. 19, p. 2). Having reviewed Plaintiff's medical records and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since June 19, 2013, her application date. (TR 114.) In addition, the ALJ found that Plaintiff had the

following severe impairments: "obesity, hypertension, seizure disorder, substance use disorder, intellectual disorder, and dysthymic disorder." (TR 114-15.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 115.) In addition, the ALJ determined that:

> [Plaintiff has the capacity] to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is able to perform work that does not involve climbing ladders or scaffolds, or commercial driving, or no exposure to hazards such as unprotected heights or uncovered industrial machinery. She is able to perform simple routine repetitive tasks that can be learned after a short demonstration, with no written instructions and involving no math. She is able to perform work with occasional and superficial interaction with the public or coworkers. She is able to perform work that is low stress work, defined as requiring no decision making, and that is routine and predictable, defined as work with no changes in the work to be performed or in the work setting.

(TR 117.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that jobs exist in significant numbers in the national economy that Plaintiff could perform. (TR 169-70.) Consequently, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time since June 19, 2013, the date of Plaintiff's application. (TR 122.)

V.    LAW AND ANALYSIS

    A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C. Analysis**

  Plaintiff contends that the ALJ committed two errors. First, Plaintiff asserts that the ALJ failed to properly evaluate whether Plaintiff had a listing-level impairment under Listing 12.05 of 20 CFR Part 404. (Docket no. 16, p. 6.) Second, Plaintiff alleges that the ALJ failed to properly evaluate a Mental Impairment Questionnaire submitted by Valerie Yurgaites, Plaintiff's social-work counselor. These objections will be addressed in turn below.

  *1. Listing 12.05*

  As set forth above, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404. (TR 115.) Plaintiff contends that the ALJ failed to properly

evaluate her cognitive problems under Listing 12.05(C). At the time the ALJ adjudicated Plaintiff's claim, Listing 12.05 defined "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." (Docket no. 16, p. 7.) Plaintiff asserts that under Paragraph C, a claimant meets Listing 12.05 by demonstrating "[a] valid verbal, performance or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (*Id.*)

The ALJ acknowledged that Plaintiff "achieved scores between 60 and 70 at the consultative examination," but nevertheless determined that those scores were "not consistent with her current level of functioning, including attending doctor appointments alone, taking medication, filling prescriptions, seeking housing and food assistance, etc." (TR 117.) Although the language of the decision is less than clear, it appears that the ALJ found that Plaintiff failed to meet the second element of Paragraph C—i.e., "an additional and significant work-related limitation of function."

Plaintiff asserts that the ALJ "fails to cite even one instance in the 700-page record where she obtained this conclusion," and contends that this "failure to link the evidence to the RFC requires a reversal under Sentence Four." (Docket no. 16, p. 10 (citing *Lowery v. Comm'r*, 55 Fed. Appx. 333, 339 (6th Cir. 2003))). Accordingly, the Court must determine whether the ALJ's determination is supported by substantial evidence in a way that permits this Court to "trace the path of [her] reasoning." *See Lowery*, 55 Fed. App'x. at 339.

As a starting point, the ALJ listed several activities that demonstrated Plaintiff's functional capabilities, including "attending doctor appointments alone, taking medication,

6

filling prescriptions, seeking housing and food assistance." (TR 117.) Although the ALJ does not provide a citation immediately following this list of activities, evidentiary support for each is found elsewhere in the ALJ's decision. In particular, the ALJ cited Dr. Jennifer Lombardo's conclusion that Plaintiff is "capable of understanding simple instructions" and "performing simple, routine and repetitive tasks." (TR 119 (citing exh. 8F).) Dr. Lombardo's report further observes that Plaintiff "was able to schedule her own transportation to today's appointment." (TR 525.) In addition, the ALJ cited Dr. Bruce G. Douglass' determination that Plaintiff "retains the ability to perform routine, 2-step tasks on a sustained basis." (TR 120 (citing exh. 1A).) Dr. Douglass further opined that Plaintiff's 2013 IQ score was "not consistent with prior testing or with the totality of evidence." (TR 184.) Additionally, the observation that Plaintiff is able to take medication and fill her prescriptions finds direct support in the hearing transcript:

> Q. Okay. So when you got your insurance back you just went in and got your prescriptions filled?
>
> A. Correct.
>
> Q. And when was that? Just approximately.
>
> A. Like a month ago, two months ago.
>
> Q. All right. So you've been on your blood pressure meds for at least a month.
>
> A. Yes.

(TR 142-43.) Finally, the ALJ relied on Plaintiff's counseling records in support of the finding that Plaintiff was able to seek public assistance. (TR 119 (citing exh. 16F).)

In light of the above, the ALJ's determination that Plaintiff does not meet the criteria of Listing 12.05(C) is supported by substantial evidence.

### 2. *Mental Impairment Questionnaire*

Plaintiff asserts that the ALJ failed to properly evaluate a Mental Health Questionnaire under the standards of Social Security Ruling (SSR) 06-03p. (Docket no. 16, p. 12.) In particular, Plaintiff contends that the ALJ improperly rejected findings made by Ms. Valerie Yurgaites that Plaintiff's impairments would cause her to be off-task for three or more hours in an eight-hour work day and to be absent from work more than three times a month. (TR 765.)

Ms. Yurgaites, a Licensed Bachelor of Social Work, is a medical source, but not an "accepted medical source." *Titles II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims*, SSR 06-03p (S.S.A. Aug. 9, 2006). Accordingly, although the ALJ is permitted to consider the factors generally applicable to "opinion evidence,"

> [n]ot every factor for weighing opinion evidence will apply in every case. The evaluation of an opinion from a medical source who is not an "acceptable medical source" depends on the particular facts in each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case.

*Id.*

Review of the record demonstrates that the ALJ gave due consideration to Ms. Yurgaites' responses to the Mental Health Questionnaire. In giving "little weight" to Ms. Yurgaites' opinion, the ALJ noted that the limitations prescribed—being off task in a work setting for three or more hours and being absent from work for more than three times a month—were not consistent with the record as a whole. (Tr. 119-20). In this regard, the ALJ's determination follows the procedure set forth by SSR 06-03p, and in light of the medical evidence discussed above, the decision to give little weight to Ms. Yurgaites' conclusions was supported by substantial evidence.

8

## VI.    CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion to Remand (docket no. 16) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 19).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 17, 2017            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  October 17, 2017      <u>s/ Leanne Hosking</u>
                                         Case Manager Generalist