UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA A. BOZER,

    Plaintiff,

v.

    Civil Case No. 16-13331
    Honorable Linda V. Parker

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S OCTOBER 17, 2017 REPORT AND RECOMMENDATION [ECF NO. 21]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 19]</u>**

On September 14, 2016, Plaintiff filed this lawsuit challenging Defendant's final decision denying her application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 16, 19.)

On October 17, 2017, Magistrate Judge Majzoub issued her R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act. (ECF No. 21.) In her analysis of Plaintiff's claim in the R&R, Magistrate Judge Majzoub first rejects Plaintiff's argument that the administrative law judge ("ALJ") failed to properly evaluate whether Plaintiff had a listing-level impairment under Listing 12.05(C). (*Id*. at 5-7.) Magistrate Judge Majzoub finds substantial evidence in the record supporting the ALJ's conclusion that Plaintiff failed to meet the second element of Paragraph C—that being, "an additional and significant work-related limitation or function." (*Id*.) Next, Magistrate Judge Majzoub rejects Plaintiff's argument that the ALJ failed to properly evaluate a Mental Health Questionnaire completed by counselor Valerie Yurgaites, LBSW. (*Id*. at 8.)

Magistrate Judge Majzoub concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 9.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Plaintiff filed objections on October 26, 2017. (ECF No. 22.) Defendant responded to Plaintiff's objections on November 9, 2017. (ECF No. 23.)

## **Standard of Review**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report

3

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## **The ALJ's Decision and the R&R**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

> 1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).
>
> 2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).
>
> 3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment

meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors. Id.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. Id.

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 19, 2013. (A.R. at 114, ECF No. 11-2 at Pg ID 151.) The ALJ found at step two that Plaintiff has the following severe impairments: obesity, hypertension, seizure disorder, substance use disorder,

5

intellectual disorder, and dysthymic disorder. (*Id*. at 115, Pg ID 152.) The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments—specifically Listings 11.03, 12.02, 12.04, and 12.05—and determined that they did not. (*Id*. at 115-17, Pg ID 152-54.) Specifically with respect to Listing 12.05(C), the ALJ appeared to accept that Plaintiff has a valid verbal, performance, or full scale IQ of 60 through 70, but concluded that she does not have "a physical or other mental impairment imposing an additional and significant work-relation limitation of function." (*Id*. at 116-17, Pg ID 153-43.) The ALJ wrote:

> Although Ms. Bozer achieved scores between 60 and 70 at the consulatitive examination, the examiner notes that she did not put forth full effort during the testing, though he concludes ultimately, that the scores are valid. Still, her performance is not consistent with her current level of functioning, including attending doctor appointments alone, taking medication, filling prescriptions, seeking housing and food assistance, etc.

(*Id*. at 117, Pg ID 154.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> able to perform work that does not involve climbing ladders or scaffolds, or commercial driving, or no exposure to hazards such as unprotected heights or uncovered industrial machinery. She is able to perform simple routine repetitive tasks that can be learned after a short demonstration, with no written instructions and involving no math. She is able to perform work with occasional and superficial

6

> interaction with the public or coworkers. She is able to perform work that is low stress work, defined as requiring no decision making, and that is routine and predictable, defined as work with no changes in the work to be performed or in the work setting.

*Id.* at 117, Pg ID 154.) In reaching this conclusion, the ALJ addressed the questionnaire completed by Ms. Yurgaites, specifically her opinion that Plaintiff would need to be off task three or more hours in a work setting and absent more than three times a month from work. (*Id.* at 119, Pg ID 156, citing A.R. at 764-67, ECF No. 11-9 at Pg ID 908-11.)

The ALJ then concluded that Plaintiff has no past relevant work, but that other jobs exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 121, Pg ID 158.) Specifically, the ALJ identified the jobs of dishwasher, assembler—table/bench, and packaging—table/bench. (*Id.* at 122, Pg ID 159.) The ALJ therefore concluded that Plaintiff is not under a disability as defined by the Social Security Act. (*Id.*)

As indicated, in her R&R, Magistrate Judge Majzoub finds substantial evidence in the record to support the ALJ's findings.

Plaintiff raises two specific objections to the R&R.[1] First, she contends that Magistrate Judge Majzoub engages in post hoc rationalization to support the ALJ's conclusion with respect to Plaintiff's inability to satisfy Listing 12.05(C). Similarly, in her second objection, Plaintiff argues that Magistrate Judge Majzoub engages in post hoc rationalization to support the ALJ's failure to properly evaluate the questionnaire completed by Ms. Yurgaites.

## **Analysis**

The Court disagrees with Plaintiff's characterization of Magistrate Judge Majzoub's analysis as post hoc rationalization. As the Sixth Circuit recently stated in *Harvey v. Commissioner of Social Security*, -- F.3d --, 2017 WL 4216585

---

[1] In her objections, Plaintiff also refers broadly to other issues raised by the parties but not addressed in Magistrate Judge Majzoub's R&R "to prevent any waiver of the right of appeal." Plaintiff, however, cannot simply re-hash arguments made in her summary judgment motion. *See Owens v. Comm'r of Soc. Sec.*, 1:13-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."). Plaintiff was required to "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

(2017), post hoc rationalization occurs when the court provides a rationale for the ALJ's analysis that the ALJ failed to provide. *Id.* at *5; *see also Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991) (rejecting appellate counsel's post hoc rationalization for an agency's decision where no such explanation was enunciated in the decision and holding that "[c]ourts are not at liberty to speculate on the basis of an administrative agency's order"). In *Harvey*, the ALJ concluded that the claimant was not disabled under a Listing of the Social Security Regulations; however, the ALJ "failed to analyze the evidence that may have supported a disability finding under [two of the listings]." 2017 WL 4216585, at *5. The Sixth Circuit explained that when "assessing whether a claimant meets a Listing, the ALJ must 'actually evaluate the evidence,' compare it to the requirements of the relevant Listing, and provide an 'explained conclusion, in order to facilitate meaningful judicial review.'" *Id.* (quoting *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011)). In *Harvey*, the court found that "the ALJ provided 'no analysis whatsoever' as to whether [the claimant]'s physical impairments met [the Listing at issue]." *Id.* at *7

In the current matter, the ALJ concluded that Plaintiff was not disabled under Listing 12.05(C) because, although she had a valid verbal, performance or full-scale IQ of 60 through 70, she did not have "a physical or other mental

impairment imposing an additional and significant work-related limitation of function." (Tr. at 116-17, ECF No. 11-2 at Pg ID 153-54.) The ALJ explained that Plaintiff's IQ score was "not consistent with her current level of functioning, including attending doctor appointments alone, taking medication, filling prescriptions, seeking housing and food assistance, etc." (*Id*. at 117, Pg ID 154.) While the ALJ did not cite specific evidence supporting these findings at this point, she did discuss the relevant evidence supporting this conclusion in other sections of her decision. For example, at page 8 of the decision, the ALJ refers to notes from Plaintiff's treatment at CMH, indicating that Plaintiff "demonstrated the social contacts necessary to connect with various social service agencies and obtain financial assistance. For instance, she obtained food assistance on several occasions and researched housing assistance, as well." (*Id*. 119, Pg ID 156.) Magistrate Judge Majzoub did not engage in post hoc rationalization by simply identifying other substantial evidence in the record supporting the ALJ's analysis. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 159 n.8 (6th Cir. 2009) (finding no error where the district court did not offer a "revised rationale" but simply identified additional evidence in the record providing substantial support of the ALJ's decision).

Moreover, the Sixth Circuit has instructed that if a district court finds the ALJ's decision supported by substantial evidence, it need not consider a post hoc rationalization objection. *See Williams v. Comm'r of Soc. Sec.*, 227 F. App'x 463, 463 (6th Cir. 2007) ( "Consistent with [*SEC v. Chenery Corp.*, 332 U.S. 194 (1947)], the district court evaluated the actual grounds invoked by the ALJ and found them to be supported by substantial evidence .... [reasoning] fully consistent with this Circuit's precedents."); *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. 2005) (holding that substantial evidence supported the ALJ's decision and, therefore, the court need not consider post hoc rationalization objection).

Plaintiff also argues that the ALJ's decision is internally inconsistent because the ALJ found Plaintiff to have six "severe" impairments at step two of the sequential evaluation process, but then found that she did not have a physical or mental impairment imposing an additional and significant work-related limitation of function. Plaintiff claims the decision inconsistent because a severe impairment, by definition, is one which "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Plaintiff ignores, however, Listing 12.05(C)'s requirement that the impairment imposes an "*additional*" limitation of function. Thus, Plaintiff must identify an impairment causing further limitations than the impairments found at step two. *See Timmons v. Astrue*, 360 F.

App'x 984, 987 (10th Cir. 2010) ("A § 12.05C limitation is significant if the claimant suffers from a severe physical ... impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function.' ") (internal quotations marks and citation omitted); *Schuler v. Astrue*, 2010 WL 1443892, at *5 (C.D.Cal. Apr.7, 2010) ("[B]ased on the ALJ's own findings, it appears that plaintiff's impairments satisfy the second prong of § 12.05(C) of the Listing because he has a severe mental impairment—i.e., severe major depressive disorder—that is distinct from his qualifying IQ score."). Plaintiff fails to meet this burden. *See Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987) (explaining that it is the claimant's burden to bring forth evidence to establish that his impairment meets or is medically equivalent to a listed impairment). The severe impairment the ALJ found at step two is an intellectual disorder.

With respect to the questionnaire completed by Ms. Yurgaites, the ALJ explained why she was giving Ms. Yurgaites' opinion little weight—that is, because the record did not support that Plaintiff would need to be off task or absent from work more than the typical allowable amount per month. (Tr. at 119-20, ECF No. 11-2 at Pg ID 156-57.) Magistrate Judge Majzoub refers to Social Security Ruling 06-03p not as a basis to support the ALJ's conclusion, but in reference to

the standards applicable to the ALJ's evaluation of that opinion. The magistrate judge did not engage in post hoc rationalization with respect to the ALJ's conclusion. As outlined in the R&R and Defendant's motion, there was substantial evidence in the record supporting the ALJ's decision.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Majzoub's October 17, 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 16) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 28, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager